# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :
                                               :
MICHAEL P. KUTZER, ESQUIRE,       :       Misc. No. 08-3003DWS
                                               :

# ORDER TO SHOW CAUSE

**AND NOW**, this 11th day of February 2008, Michael Kutzer, Esquire ("Kutzer") being a member of the bar of this Court whose practices have been found in the past to be deficient by certain of the judges of this Court;

**And** notwithstanding the prior entry of numerous sanction orders and repeated attempts by the undersigned to counsel Kutzer into compliance, his inattentiveness to his cases and breach of the rules of this Court persist[1] causing (1) harm to his clients through

---

[1] In the past week alone, by way of example, the following problems occurred: (1) In re Johns, 08-10177, was filed on January 7, 2008 after 07-17114 was dismissed for failure to file a matrix (he blamed it on his secretary); (2) In re Barbara Barclay, 08-10179, was filed on January 7, 2008 without an address on the petition; a deficiency notice was ignored and it still had not been corrected by February 5 when he came before the court on another matter; (3) In re Robinson, 08-10615 (filed 1/25/08) and 08-10892 (docketed as a filed petition on 2/4/08 (although linked document was a form 22A and a certificate of credit counseling was linked to another debtor, Howard Goldstein)). Contacted by the Clerk to correct the Robinson errors, he stated he would do so by that afternoon and still has not. Presumably Mr. Goldstein's case is deficient as the certificate of counseling is misfiled in Robinson's case.

(continued...)

duplicative petitions and unnecessary hearings and (2) burden on the Clerk's staff which has tried to ameliorate the harm to his clients by calling him to correct the misfilings and misdocketings and having the calls ignored and (3) waste of judicial resources by requiring the issuance of repeated orders and hearings to show cause why sanctions should not be issued;

**And** the Court finding that repeated admonitions have had no lasting success in remedying the problems identified above;

It is hereby **ORDERED** that due to the repeated errors in his electronic filing, Kutzer shall seek retraining in the use of CM/ECF.  To the extent that he has delegated filing to an employee and these errors are being caused by such person, he will cease such delegation and do all the filings himself.  No one but Kutzer may use his ECF password;

**And** it is **further ORDERED** that the Clerk shall cease contacting Kutzer by phone upon discovery of filing deficiencies but rather shall refer the deficiency to me for further action;

**And** it is **also ORDERED** that Kutzer shall appear at a hearing to be specially listed on **February 26, 2008 at 11:00 a.m.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor, 900 Market Street, Courtroom #3, Philadelphia, PA to consider what sanctions

---

(...continued)

A cursory review of his recent filings evidences other problems:  dual petitions filed for Carrie L. Williams (no. 08-10256 and 08-10257); attorney disclosure form 2016 filed in blank in two cases (08-101172 and 08-10987).

should be implemented to address these recurrent problems.[2]  The United States trustee is

invited to participate.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

---

[2] Where it is apparent that the deficiency in the filing has been caused by Kutzer, e.g., failure
to file a matrix, failure to insert an address on the petition, failure to use the correct form of petition,
filing a dual petition, it is prejudicial to the debtor to dismiss the case.  Even where Kutzer pays the
filing fee for a new case, the debtor has an extra filing on his record and is subject to the stay
limitations of § 362(c)(3).  However, the correction of those deficiencies is necessary to administer
the case.  Repeated calls by the Clerk to Kutzer have been to no avail, and repeated orders to show
cause by the Judge have become burdensome and intolerable.  The only sanction available to this
Court that is effective is monetary.  I am contemplating an Order that will impose a fine whenever
the Clerk calls one of these problems to my attention.  If Kutzer wishes to contest the fine, he,
not the Court, can then initiate a hearing.